Douglass, J.
This case comes into this court on appeal, and the single question presented is raised by a general demurrer to the several answers and cross-petitions of Voglemeier, Stough, Jones, Smith, Bailey & Keel'ey, Ulrich and Wiggins.
McCune, Owens & Co., in an amended and supplemental petition, say that they are partners doing business under the firm name of McCune, Owens & Co., in the city of Newark.
That on the 20tb day of August, 1895, one Ludwig Miller was the owner of certain property; that he entered, into a contract in writing with the defendant, John Snider, a& principal contractor, whereby it was agreed that, for the consideration of nine hundred and fifty dollars, the said Snider was to erect a dwelling-house on bis lot, and, in pursuance of said contract, a dwelling-house was erected and completed in accordance with the contract, and that he *25 was then entitled to be paid; that he was not paid; that Miller, on the — ■ day of November, 1895, delivered the possession of the property to Snider, who is now in possession of the same. That the possession was delivered to said Snider by Miller, intending and agreeing then to pay the sum of $950., the contract price, and Snider received the-possession with like intent and agreement, and is entitled to' a deed for the property, and cannot obtain it on request, the agreement not being in writing.
That a certain judgment was obtained before a justice of the peace in favor of plaintiffs against Snider; that a transcript was duly filed, and that this became a lien when filed, on the 21st of November, 1895. And sets up the fact that' certain other parties were making some claim; and he asks that they be made defendants.
A second cause of action states that a judgment was recovered against Snider before a justice of the peace, a transcript filed, giving plaintiffs a lien on the 15th day of December, 1896.
The third cause of action in the petition sets up the fact', of a certain account, and avers that the proper steps were' taken to perfect a lien upon the fund; and that John Snider as principal contractor, and Ludwig Miller as owner,entered into a certain contract for the construction of this dwelling-house; that on the 18th day of November plaintiffs filed with the owner of said premises, Ludwig Miller, a sworn' and itemized account of the amount and value of the materials furnished.
This is the claim of the plaintiff.
To this petition answers and cross-petitions are filed, to-which a general demurrer is interposed.
This third cause of action in the petition seeks to perfect a lien upon the fund by notice to the owner. All of these-above nampd parties file answers and cross-petitions, some in the attitude of sub-contractors, and others claiming a di- *26 rect contract with the owner; they say that the case is exceptional; that the structure was completed, and the owner, Miller, absconded and abandoned the country, and turned the completed building over to the contractor, Snyder, in payment.
The averments sought to bring this case within what are claimed to be the provisions of the statute on the question of notice, and also on the question of the contract, are these: After making the formal averments, they say: “Under a certain verbal contract with the said John Snyder, who, at the time of ordering said material was an agent and contractor of the said Ludwig Miller”; and then the averment is further made “That at the time said work was completed, and prior to the filing of said affidavit above mentioned, the said defendant Ludwig Miller had left the city of Newark, and these defendants made diligent search after and for said defendant Ludwig Miller, but were entirely unable to ascertain his whereabouts, and remained in ignorance of the same until some months subsequent to the filing of said affidavit.”
Like averments are made with reference to these cross-petitions that I have named, in order to bring them within the purview of the statute as it now stands.
These liens, of course, are statutory, and the method to be pursued is defined in section 3184. That is for the lien direct. The manner in which a lien is secured upon the fund in the hands of the owner is prescribed in sections 3193-4. Recent legislation in respect to the manner in which these liens shall be perfected has been pared down some by the supreme court. Since which time courts have held, and the bar has recognized the fact, that the mechanic’s lien law stands about as it was before the attempted amendment which contemplated that any person performing labor or furnishing material, no matter how far down along the line, although there was no privity of a contract between *27 him and the owner, might perfect a lien, and the court eliminated that obnoxious feature, one repugnant to the-constitution in so far as it gave the right to a lien where noprivity of contract exists. In the 55 Ohio St., 423, Crawford v. Tingle:
“The act of April 13, 1894, 91 O. L., 135, in so far as it gives a lien on the property of the owner to sub-contractors, laborers, and those who furnish machinery, material or tile to the contractor, is unconstitutional and void. -All to whom the contractor becomes indebted in the performance of his contract, are bound by the terms of the contract between him and the owner.”
The language of the statute that gives the right to a lien is that it must be by virtue of a contract between the owner or authorized agent. That means authorized agent for the purpose of making this contract; and where the averment is made as in this case, that Snider, is the agent and contractor, it seems that construction and limitation is given to the word “agent” by what is said in this same case on page 442:
“An agent can have no interest adverse to his master, but this statute attempts to create an agent for the owner out of the contractor who is opposed to him in every interest. It is an attempt to make the contractor serve two masters, himself and the owner. This can not be done. For this we have the highest authority. ”
That is, the contractor and the owner deal at arms’ length; and, as a matter of course, the agent contemplated by the statute, and the contract that is spoken of, viz: “By virtue of a contract entered into by the owner or his authorized agent,” means an authorized agent for the purpose of making that contract; and, in view of what is contemplated by the statutes, and the adverse relation or character of contractor and owner, the averment that Snider was the agent and contractor of Miller, we think has no warrant; that it does not comply with the statute. The statute *28 means, an authorized agent for the purpose of making this contract.
Now, it is contended that the fact that Miller had left the country, and had turned over this property to Snider, who was the equitable owner — turned it over to him bodily, in -.payment of his claim, having left the country, that an aver■ment stating that fact ought to exonerate the parties and fur-nish an excuse why no notice need be served on the owner,'as prescribed by the statute, in order to get a lien on the fund in his hands; that that ought to be a sufficient excuse; that the statute ought not to be construed so as to lead to absurd consequences or results, and that impossible or vain things ought not to be required, and all that. But, ■the rules of law that must govern in these cases in respect ■to notice must be followed, first having in mind that this lien is statutory; it is not a common law lien; and that equity cannot lend its aid to secure the lien — the lien must be secured by force of the statute, and after the lien is secured, equity will take care of the parties in the enforcement of their lien.
In 89 Ohio St., 661, the court say:
“It is the duty of courts in the interpretation of statutes, unless restrained by the letter, to adopt that view which will avoid absurd consequences, injustice or great inconvenience, as none of these can be presumed to have been within the legislative intent. ”
Thus giving a very good reason. And then the court proceeds to say:
“Where a statute requires notice of a proceeding, but is silent concerning its form or manner of service, actual notice will alone satisfy such requirement.”
That is the rule that the supreme court lay down respecting notice.
If the legislature had seen fit to have said, provided in oases where the owner is not accessible notice may be given *29 in a certain manner, actual notice would be dispensed with.
C. W. Miller and B. G. Smythe, on behalf of Plaintiff.
G. C. Daugherty, Frederick M, Black, T. W. Philipps, Jonathan Bees, J. R. Fitzgibbon, Frank Bolton, S. M. Hunter, on behalf of Defendants.
Oftentimes we have statutory rights of which we cannot avail ourselves, because proper conditions as to persons or subject matter are not present. In such cases we are only unfortunate that these things are wanting and that we cannot avail ourselves of the statute.
We are of the opinion that, under this authority, and on principle as well, where one seeks to avail himself of a statutory right, it is only his misfortune that it furnishes no excuse, and that nothing except a notice as prescribed therein, and on the terms therein required, will satisfy the requirement of the statute.
We are of the opinion that, in- order to perfect a lien, notice must be given to the owner as prescribed by the statute; that is, actual notice; and that the averment that the contract was made with Snider, who, at the time, was the agent and contractor of the defendant, Miller, is insufficient to satisfy the requirement of the statute that he was the authorized agent, which means: the authorized agent for
the special purpose of making the'contract, as contemplated by the statute.
These demurrers are, therefore, sustained; the cross-petitions are dismissed, and the cause will be set down for trial, or continued, as may be desired.